MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2016 ME 179
Docket:        Yor-16-251
Submitted
  On Briefs:   November 29, 2016
Decided:       December 13, 2016

Panel:         SAUFLEY, C.J., and ALEXANDER, MEAD, JABAR, HJELM, and HUMPHREY, JJ.

# IN RE CARLOS C.

PER CURIAM

[¶1]  The father of Carlos C. appeals from a judgment of the District Court (Biddeford, *Foster, J.*) terminating his parental rights to the child. *See* 22 M.R.S. § 4055(1)(B)(2) (2015).  The father argues that the evidence is insufficient to support the court's determinations that he is parentally unfit within the meaning of the child protection statutes and that termination is in the child's best interest.  We affirm.[1]

[¶2]  First, there is competent evidence in the record to support the court's findings, to the clear and convincing standard of proof, that the father is "unwilling or unable to protect the child from jeopardy and these circumstances are unlikely to change within a time which is reasonably

---

[1] At our request, the guardian ad litem provided us with copies of two reports that were missing from the record on appeal.  The parties agree that these are accurate copies of the reports that were filed with the trial court during the termination proceedings.  We now consider the record on appeal to be complete.

calculated to meet the child's needs," that he is "unwilling or unable to take responsibility for the child within a time which is reasonably calculated to meet the child's needs," and that he "failed to make a good faith effort to rehabilitate and reunify with the child." 22 M.R.S. § 4055(1)(B)(2)(b); *see In re Cameron Z.*, 2016 ME 162, ¶¶ 16-18, --- A.3d ---.

[¶3] These findings of parental unfitness are supported by evidence cited in the court's judgment, including evidence of the father's ongoing substance abuse, his participation in reunification services that was "less than consistent," and his "very superficial" insight into the child's significant special needs. As the court found, for example, while this child protection case was pending, the father remained out of touch with the Department of Health and Human Services caseworker for significant periods of time despite multiple attempts the caseworker made to reach him using contact information he provided; he twice failed to attend intake sessions for a domestic violence program before finally beginning to participate in it; two months before the termination hearing, he refused to take a drug test; he quit two substance abuse programs before entering into a different program several months before the termination hearing; despite his counselor's recommendation, he has refused to participate in group addiction programs; he has continually

relapsed, including using unprescribed Suboxone as recently as the week before the termination hearing and then invoking his Fifth Amendment privilege at trial when asked about the circumstances of that and other illegal drug-related activity; and although he is in the "early stages" of recovery, he still has not "really accepted that his substance abuse constitutes a significant barrier to reunification." This evidence, combined with the record as a whole, supports the court's ultimate finding of parental unfitness.

[¶4] Second, given the evidence in the record, the court did not abuse its discretion by determining that termination is in the child's best interest. *See* 22 M.R.S. § 4055(1)(B)(2)(a); *In re J.V.*, 2015 ME 163, ¶ 13, 129 A.3d 958; *In re C.P.*, 2013 ME 57, ¶ 16, 67 A.3d 558.

The entry is:

> Judgment affirmed.

---

**On the briefs:**

> Brian D. Burke, Esq., Fairfield & Associates, P.A., Lyman, for appellant father

> Janet T. Mills, Attorney General, and Meghan Szylvian, Asst. Atty. Gen., Office of the Attorney General, Augusta, for appellee Department of Health and Human Services